IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-514-FL

| | |
|---|---|
| DONNELL SAWYER, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **MEMORANDUM &** |
| DAVID P. MATTHEWS, LIZZY | ) **RECOMMENDATION** |
| SANTIAGO, JULIE RHOADES, | ) |
| WILLIAM N. RILEY, JAMIE R. | ) |
| KENDALL, AND PRICE | ) |
| WAICUKOUSKI & RILEY, LLC, | ) |
| an Indiana limited liability company, | ) |
| Defendants. | ) |

On December 28, 2015, an order was entered granting Plaintiff leave to amend his complaint and determining that Plaintiff's claims, as amended, survive frivolity review. The court ordered Plaintiff to file, within fourteen (14) days, a revised complaint with the allowed amendments, which had been detailed in his motion to amend filed on November 16, 2015 [DE #11]. It was further ordered that, upon Plaintiff's filing of the amended complaint, the summonses submitted by Plaintiff be issued by the clerk and served by the United States Marshal. (*See* Order dated Dec. 28, 2015 [DE #14].) A year has elapsed since the court ordered Plaintiff to file his revised complaint and Plaintiff has failed to do so.

On May 19, 2016, the court noted that Plaintiff had submitted a number of filings, including motions and documents purportedly supporting his claims, but Plaintiff had not complied with the court's December 28, 2015, order to file his revised

complaint. In light of Plaintiff's pro se status, the court, acting on its own motion, extended the time within which Plaintiff could file the revised complaint from January 11, 2016, through June 2, 2016. Plaintiff was warned that failure to file the revised complaint as ordered may result in dismissal of his complaint, in its entirety. (*See* Order dated May 19, 2016 [DE #19] at 2.)

On June 2, 2016, Plaintiff filed what purports to be an amended complaint but contains only three paragraphs – an introductory paragraph and two paragraphs identifying Plaintiff and Defendant Matthews and their respective citizenship and residency. Plaintiff has also filed three amended motions for appointment of counsel and submitted documentation in support of those motions. However, Plaintiff has failed to comply with this court's December 28, 2015, and May 19, 2016, orders requiring that he file a revised complaint with the allowed amendments, which had been detailed in his motion to amend filed on November 16, 2016.

## CONCLUSION

Given Plaintiff's failure to file a revised complaint as previously ordered, it is RECOMMENDED that this action be DISMISSED in its entirety, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to prosecute or to comply with this court's prior orders.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **January 17, 2017**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his

2

Case 5:15-cv-00514-FL   Document 30   Filed 12/28/16   Page 2 of 3

or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 28th day of December 2016.

_____
KIMBERLY A. SWANK
United States Magistrate Judge