IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-514-FL

| | | |
|---|---|---|
| DONNELL SAWYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| DAVID P. MATTHEWS; JULIE | ) | |
| RHOADES; MATTHEWS & | ) | |
| ASSOCIATES; WILLIAM N. RILEY; | ) | |
| JAMIE R. KENDALL; PRICE | ) | |
| WAICUKAUSKI & RILEY, LLC an | ) | |
| Indiana limited liability company; and | ) | |
| LIZZY SANTIAGO, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon the memorandum and recommendation ("M&R") of

United States Magistrate Kimberly A. Swank, wherein it is recommended that the court dismiss this

action for failure to comply with the court's orders, pursuant to Federal Rule of Civil Procedure

41(b) (DE 30). Plaintiff has filed a notice and response to the M&R, including a proposed amended

complaint, which the court construes as including a motion to amend complaint (DE 32). In this

posture, the issues raised are ripe for ruling. For the reasons stated herein, the court adopts the M&R

in part, denies the motion to amend, and allows plaintiff opportunity to file complaint as set forth

herein.

# BACKGROUND

Plaintiff, initially represented by counsel, filed complaint in forma pauperis on October 5, 2015, asserting claims of negligence, breach of contract, and fraud, arising out of defendants' legal representation of plaintiff in a prior products liability lawsuit filed in 2006 in Marion County Circuit Court of Indiana (the "Indiana lawsuit"). According to plaintiff, in the prior Indiana lawsuit, plaintiff and other similarly situated individuals asserted that they suffered personal injuries as a result of taking the drug Zyprexa, marketed by Eli Lilly and Company, the defendant in the Indiana lawsuit. In the instant case, plaintiff asserts that defendants, his counsel in the Indiana lawsuit, wrongfully dismissed the lawsuit without his permission, offered him the possibility of a settlement valued at approximately $50,000.00, and refused to communicate with plaintiff further about continuing the case to trial. In the instant case, plaintiff seeks compensatory damages in excess of $75,000.00, punitive damages, and trial by jury.

Upon frivolity review, on October 5, 2015, the magistrate judge directed plaintiff to particularize his complaint as to the citizenship of the members of defendant Waicukouski & Riley, LLC, to enable the court to determine the existence of diversity jurisdiction. Plaintiff moved to amend his complaint to so specify on November 16, 2015, and also requested striking defendant Matthews & Associates as surplusage because it is a sole proprietorship owned by defendant David P. Matthews. On December 29, 2015, the magistrate judge determined that plaintiff's complaint, as so specified, passed frivolity review. The magistrate judge accordingly directed plaintiff on December 29, 2015, to file a revised complaint with the amendments, within 14 days of the order.

In the meantime, however, on December 22, 2015, plaintiff's counsel moved to withdraw, which motion the court granted the next day, leaving plaintiff as a pro se in forma pauperis plaintiff.

2

After the court's December 29, 2015, order, plaintiff proceeding pro se has never filed the revised complaint as allowed in said order. Instead, plaintiff has attempted on several occasions to file an amended motion asserting additional facts and allegations as to new proposed defendants Eli Lilly Company and Duke University Medical Center. The court denied those further attempts at amendment upon frivolity review, and, on May 19, 2016, the court again directed plaintiff within 14 days to file his revised complaint, with amendments allowed previously in the court's December 29, 2015, order. The court warned plaintiff that failure to file the revised complaint as ordered may result in dismissal of the complaint in its entirety. In the M&R, the magistrate judge recommends finding that plaintiff has failed to file the revised complaint as ordered, and the magistrate judge recommends dismissal for failure to comply with the court's orders. Plaintiff's notice and response, discussed further herein, followed.

## DISCUSSION

A.    Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

3

B.     Analysis

In plaintiff's notice and response to the M&R, plaintiff does not raise specific objection to the magistrate judge's determination that plaintiff failed to comply with the court's prior orders. Finding no clear error, the court ADOPTS this part of the M&R as its own.  Plaintiff seeks generally to be excused from his failure to comply with the prior orders due to medical reasons and disability. As noted, plaintiff also seeks to advance a proposed amended complaint, construed now as a motion to amend.  The court addresses first plaintiff's motion to amend, followed by a determination of the consequence of plaintiff's failure to follow directives set forth in prior orders.

Plaintiff's motion to amend must be denied on the basis of futility. The proposed amended complaint suffers from the same flaws as plaintiff's previously proposed amended complaints, including that it seeks to assert new claims against new parties, Eli Lilly & Company and Duke University Medical Center, which claims do not arise out of the same transaction, occurrence, or series of transactions as his claims against the defendants named in this action. In addition, plaintiff's conclusory assertion of "collusion" amongst all defendants (DE 32 at 2), is not supported by facts giving rise to a plausible claim.   Accordingly, plaintiff's motion to amend is DENIED.

With respect to compliance with the court's orders, Plaintiff has been directed twice to file his revised complaint, with revisions allowed on frivolity review on December 29, 2015.   At the second opportunity, set forth in order entered May 19, 2016, the court expressly warned plaintiff that failure to file the revised complaint as ordered may result in dismissal of plaintiff's complaint in its entirety.  Based upon plaintiff's most recent filing, it appears that plaintiff no longer wishes to proceed on the basis of claims asserted in his original complaint, but wishes to proceed on a new theory against additional defendants.  As set forth above, however, the court cannot allow upon

4

frivolity review plaintiff to proceed on the new theory against new defendants. Plaintiff must affirmatively proceed on the basis of his original complaint, or be subject to dismissal of this action for failure to prosecute.

Accordingly, the court provides plaintiff one more opportunity to affirmatively proceed on the basis of his original action with revisions allowed by the court on December 29, 2015. Such complaint and appended revisions are attached hereto as Exhibit A, for the sake of clarity. If plaintiff wishes to proceed on the basis of such complaint and appended revisions attached hereto as Exhibit A, plaintiff is DIRECTED to return the complaint and appended revisions attached hereto as Exhibit A, by **February 24, 2017**, to the court for filing and for service by the U.S. Marshal of summons previously prepared. If plaintiff fails to so return the complaint attached hereto as Exhibit A, by February 24, 2017, the clerk is DIRECTED to dismiss this action with prejudice without further order of the court, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and failure to comply with the court's orders.

## CONCLUSION

Based on the foregoing, the court adopts the M&R in part as set forth herein. Plaintiff's proposed amended complaint, construed as a motion to amend (DE 32), is DENIED. If plaintiff seeks to proceed on the basis of his complaint and appended revisions attached hereto as Exhibit A, plaintiff is DIRECTED to return the complaint and appended revisions attached hereto as Exhibit A, by **February 24, 2017**, to the court for filing and for service by the U.S. Marshal of summons previously prepared. If plaintiff fails to so return the complaint attached hereto as Exhibit A, by February 24, 2017, the clerk is DIRECTED to dismiss this action with prejudice without further order of the court, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute and

failure to comply with the court's orders.

SO ORDERED, this the 13th day of February, 2017.

LOUISE W. FLANAGAN
United States District Judge

# Exhibit A

UNITED STATES DISTRICT COURT
For the
EAstern District of North Carolina

DONNELL SAWYER,                      )
                                     )
        Plaintiff,                   )        5:15- cv- 514 - FL
                                     )
v.                                   )
                                     )        **COMPLAINT**
DAVID P. MATTHEWS, LIZZY             )
SANTIAGO, JULIE RHOADES,             )
MATTHEWS & ASSOCIATES,               )        **JURY DEMAND**
WILLIAM N. RILEY, JAMIE R.           )
KENDALL, and PRICE WAICUKOUSKI       )
& RILEY, LLC, an Indiana limited liability )
company,                             )
                                     )
        Defendants.                  )

COMES NOW Plaintiff Donnell Sawyer, by and through his undersigned counsel, and

complaining of Defendants David P. Matthews, Lizzy Santiago, Julie Rhoades, Matthews &

Associates, William N. Riley, Jamie R. Kendall, and Price Waicukouski & Riley, LLC, an

Indiana limited liability company, alleges and says as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff Donnell Sawyer ("Sawyer") is a citizen and resident of the State of Wake

County, North Carolina.

2.      Defendant David P. Matthews ("Matthews") is a citizen and resident of Harris

County, Texas and, at all times relevant herein, was and remains duly licensed to practice law in

the State of Texas. Unless indicated otherwise, at all times relevant herein, Defendant Matthews

was acting in the course and scope of her employment and agency with Defendant David P.

Matthews P.C. and as the attorney and counsel for Plaintiff.

3.     Defendant Lizzy Santiago ("Santiago") is a citizen and resident of Harris County, Texas and, upon information and belief, at all times relevant herein, was and remains duly licensed to practice law in the State of Texas. Unless indicated otherwise, at all times relevant herein, Defendant Santiago was acting in the course and scope of her employment and agency with Defendant David P. Matthews P.C. and as the attorney and counsel for Plaintiff.

4.     Defendant Julie Rhoades ("Rhoades") is a citizen and resident of Harris County, Texas and upon information and belief, at all times relevant herein, was and remains duly licensed to practice law in the State of Texas. Unless indicated otherwise, at all times relevant herein, Defendant Rhoades was acting in the course and scope of her employment and agency with Defendant David P. Matthews P.C. and as the attorney and counsel for Plaintiff.

5.     Defendant Matthews & Associates, upon information and belief is a sole proprietorship owned by Defendant David P. Matthews and is engaged in the business of providing legal services with its principal place of business in Harris County, Texas.

6.     Defendant William N. Riley ("Riley") is a citizen and resident of Marion County, Indiana and upon information and belief, at all times relevant herein, was and remains duly license to practice law in the State of Indiana. Unless indicated otherwise, at all times relevant herein, Defendant Riley was acting in the course and scope of his representation of and employment and agency with Defendant Price Waicukouski and as the attorney and counsel for Plaintiff.

7.     Defendant Jamie R. Kendall ("Kendall") is a citizen and resident of Marion County, Indiana and upon information and belief, at all times relevant herein, was and remains duly licensed to practice law in the State of Indiana. Unless indicated otherwise, at all times relevant herein, Defendant Riley was acting in the course and scope of his representation of and

2

employment and agency with Defendant Price Waicukouski and as the attorney and counsel for Plaintiff.

8.      Defendant Price Waicukouski & Riley, LLC ("Price Waicukouski") is an Indiana limited liability company which is engaged in the business of providing legal services with its principal place of business in Marion County, Indiana.

9.      Jurisdiction is appropriate in this Court due to complete diversity between the parties and the amount in controversy exceeding the sum of $75,000.00.

## FACTS

10.     Plaintiff viewed an advertisement in which Defendants, or agents on behalf of the Defendants, advertised and solicited individuals such as Plaintiff, who had taken the drug Zyprexia and had subsequently suffered from diabetes.

11.     As a result of having seen the advertisement, Plaintiff contacted and discussed and consulted with Defendants Matthews, Rhoades, and/or Santiago, as agents, employees, and representatives of the law firm of Abraham Watkins, Nichols, Sorrels, Matthews & Friend ("Abraham Watkins"), a Houston, Texas law firm, about the facts, allegations, circumstances, legal strategies, and damages relating to his potential claim against Eli Lilly and Company and/or other responsible entities and persons in connection with his development of diabetes while taking the drug Zyprexia from on or about January 1, 1996 to on or about August 1, 2003.

12.     Defendants Matthews, Rhoades, and/or Santiago, as agents, employees, and representatives of Abraham Watkins, as well as, upon information and belief, other agents, employees, and representatives of Defendant Abraham Watkins, represented to Plaintiff that they would be willing to represent Plaintiff, as his legal counsel of record in litigation against Eli Lilly and Company and seek and secure recovery against Eli Lilly and Company.

3

13.     In reliance upon his previous discussions with the Defendants, as set forth and described herein, Plaintiff agreed to an employment/fee agreement with Abraham Watkins pursuant to which Abraham Watkins agreed to represent Plaintiff in an action against Eli Lilly and Company and/or other responsible entities and persons in connection with Plaintiff's development of diabetes while taking the drug Zyprexa from on or about January 1, 1996 to on or about August 1, 2003.

14.     Pursuant to this agreement, an attorney-client relationship formed between Abraham Watkins, by and thorough its employees, agents, and representatives, including Defendants Matthews, Rhoades, Santiago, as Plaintiff's counsel, and Plaintiff.

15.     On June 30, 2006, pursuant to Plaintiff's agreement with Abraham Watkins, Defendants Riley and Kendall, as attorneys of the law firm of Defendant Price Waicukauski, local counsel retained for Plaintiff and, upon information and belief, and acting at the behest of and in conjunction with Abraham Watkins, filed a multi-count Complaint in the Marion County Circuit Court of Indiana, as Case Number 490070606CT027211, on behalf of Plaintiff and various other similarly situated plaintiffs ("the Indiana Case").

16.     At all times relevant herein, Defendant Price Waicukauski, by and through Defendants Riley and Kendall, acted in conjunction with the other Defendants in this action as local counsel in the Indiana Case, as defined and described herein, and as counsel for the Plaintiff.

17.     In the Complaint underlying the Indiana Case, the Defendants alleged facts and allegations on behalf of Plaintiff and the other named and similarly situated plaintiffs including the following:

## FACTUAL ALLEGATIONS

4

35. At all relevant times, Defendant [Eli Lilly and Company], through its agents, servants, and employees, was the designer, manufacturer, marketer, advertiser, distributor, and seller of Zyprexa and Zyprexa Zydia, also known as olanzapine (hereinafter individually and collectively referred to as "Zyprexa").

36. Defendant, directly or through its agents, servants, and employees, designed, manufactured, marketed, advertised, distributed, and sold Zyprexa for the treatment of schizophrenia, bipolar disorder, and other "off-label" uses.

37. As a result of the defective nature of Zyprexa, those persons who were prescribed and ingested or injected Zyprexa, including Plaintiffs, have developed diabetes and have suffered and may continue to suffer severe and permanent personal injuries.

38. Defendant concealed its knowledge of Zyprexa's unreasonably dangerous risks from Plaintiffs, other consumers, and the medical and psychiatric communities.

39. In 1996, the United States Food & Drug Administration ("FDA") approved Zyprexa for use for the treatment of Zyprexa.

40. In 2000, the FDA approved Zyprexa for use for the short-term treatment of acute mixed or manic episodes associated with bipolar disorder.

41. In 2004, the FDA approved Zyprexa for maintenance in the treatment of bipolar disorder, also known as manic-depressive illness.

42. Zyprexa is one of Defendant's top-selling drugs.

43. Since Defendant introduced Zyprexa in 1996, it has been prescribed to more than 12 million people worldwide.

44. In 2003, approximately seven million prescriptions for Zyprexa were dispensed resulting in more than $2 billion in sales. In 2003, Zyprexa was the seventh largest selling drug in the country by retail sales.

45. Zyprexa is an atypical antipsychotic medication. Zyprexa, like other antipsychotic medications, may improve symptoms associated with schizophrenia and bipolar disorder such as agitation, delusions, hallucinations, and suspiciousness.

46. Shortly after Defendant began selling Zyprexa, reports of consumers who were using Zyprexa suffering from hyperglycemia, acute weight gain, exacerbation of diabetes, pancreatitis, and other severe diseases and conditions

5

associated began to surface. Defendant knew, or was reckless in not knowing, of these reports. Furthermore, Defendant has been aware of studies and journal articles linking use of Zyprexa with these and other severe and permanent diseases since 1998.

47.     Beginning in 1998, scientific journals began to publish studies that established a causal association between using Zyprexa and developing or exacerbating diabetes  and development of dangerously high blood sugar levels, i.e., hyperglycemia.

48.     Diabetes is associated with long-term complications that affect nearly every part of the body. Diabetes often leads to blindness, heart and blood vessel disease, strokes, kidney failure, amputations, and nerve damage.

49.     In July 2002, a study conducted at Duke University further established a relationship between Zyprexa and diabetes. This study documented nearly 300 cases of diabetes among people using Zyprexa.

50.     In April 2002, the British Medicines Control Agency warned about the risk of diabetes for patients prescribed Zyprexa in its newsletter, *Current Problems in Pharacolo-vigilance.* This newsletter reported forty (40) reports of diabetes, hyperglycemia, diabetic ketoacidosis, diabetic coma, and one death among users about the risk of diabetes and diabetic ketoacidosis, and to further require Defendant to instruct patients who were using Zyprexa to monitor their blood sugar levels.

51.     In April 2002, the Japanese Health & Welfare Ministry issued emergency safety information regarding the risk of diabetes, diabetic ketoacidosis, and diabetic coma for patients prescribed Zyprexa.

52.     Defendant did not warn consumers in this country, including Plaintiffs, about the risk of diabetes, hyperglycemia, diabetic ketoacidosis, or other serious injuries caused by Zyprexia.

53.     Defendant misrepresented and failed to appropriately warn consumers, including Plaintiffs, and the medical and psychiatric communities of the dangerous risk of developing diabetes, pancreatitis, hyperglycemia, diabetic ketoacidosis, and diabetic coma, as well as other severe and permanent health consequences caused by Zyprexa, and consequently placed its profits above the safety of its customers.

54.     Plaintiffs used Zyprexa as prescribed and in a foreseeable manner.

55.     As a direct and proximate result of using Zyprexa, Plaintiffs have developed diabetes – a permanent, life threatening condition.

6

56.     Plaintiffs, as a direct and proximate result of ingesting Zyprexa, have sustained permanent injuries and emotional distress.

57.     Plaintiffs used Zyprexa that had reached them without substantial change in its condition since it was manufactured or sold.

58.     Plaintiffs would not have used Zyprexa if Defendant had properly disclosed the risks associated with the product.

## FRAUDULENT CONCEALMENT

59.     The running of any statute of limitations has been tolled by Defendant's fraudulent concealment. Defendant, through its affirmative representations and omissions, actively concealed from Plaintiffs and their prescribing physicians the true risks associated with taking Zyprexa.

60.     As a result of Defendant's actions, Plaintiffs and their prescribing physicians were unaware, and could not reasonably know or have learned through reasonable diligence that the Plaintiffs had been exposed to the risks alleged herein and that the direct and proximate result of Defendant's acts and omissions.

18.     In the Complaint underlying the Indiana Case, the Defendants, on behalf of

Plaintiff and other similarly situated plaintiffs, alleged claims for negligence, strict liability,

breach of express warranty, breach of implied warranty, fraudulent misrepresentation, and

negligent misrepresentation against Defendant Eli Lilly and Company.

19.     At some point in time subsequent to the filing of the Indiana Case, which

occurred on June 30, 2006, upon information and belief, Defendant Santiago advised Plaintiff

that she and Defendants Matthews and Rhoades were leaving the Abraham Watkins law firm and

that they would continue to represent Plaintiff at the new law firm to which they would be

practicing, Defendant Matthews & Associates.

20.     In reliance upon his previous discussions with the Defendants, as set forth and

described herein, Plaintiff agreed to an employment/fee agreement with Defendant Matthews &

Associates ("the Agreement") pursuant to which Matthews & Associates agreed to represent

Plaintiff, as Plaintiff's counsel, in the Indiana Case.

7

21.    Throughout their attorney-client relationship with Plaintiff, the Defendants, including Defendant Santiago and, upon information and belief, other employees, agents, and representatives of Defendant Matthews & Associates periodically advised Plaintiff that a settlement with Eli Lilly and Company may be forthcoming and that settlement would be a favorable outcome for the Plaintiff in the Indiana Case.

22.    Plaintiff, as he engaged in frequent verbal communications with the Defendants, including Defendant Santiago, always expressed his disposition to take his claims to trial, unless the amount of offered settlement proceeds from Eli Lilly and Company was acceptable to him, in light of the damages and injuries that he believed and alleged he had sustained as a result of Eli Lilly and Company's (in)actions, as set forth in the Complaint filed in the Indiana Case.

23.    On May 6, 2009, unbeknownst to Plaintiff, the Indiana Case, including all of Plaintiff's claims, was dismissed in the Marion County Circuit Court in Marion County, Indiana, pursuant to a Stipulation of Dismissal agreed to and executed by the Defendants.

24.    Accordingly, on May 6, 2009, the Indiana Case, *in toto*, was recorded as being changed from an "open" case to a "dismissed" case. The Indiana Case was dismissed with prejudice.

25.    Plaintiff never authorized his claims in the Indiana Case to be dismissed. Moreover, none of the Defendants ever informed or otherwise advised Plaintiff that the Indiana Case had been dismissed, with prejudice or otherwise.

26.    The Defendants actively concealed the dismissal of the Indiana Case from the Plaintiff. The Defendants were aware and knew that the Indiana Case had been dismissed on May 6, 2009. Upon information and belief, the Defendants agreed and stipulated to the dismissal of the Indiana Case.

8

27.     Even after the Indiana Case was dismissed with prejudice on May 6, 2009, the Defendants, as described herein and otherwise, continued to urge and encourage Plaintiff to accept a "settlement" in the range of $50,000.00. The Defendants even offered to waive attorney's fees and expenses as an inducement to Plaintiff for him to accept a "settlement" in the range of $50,000.00.

28.     For example, on or about February 22, 2010, after the Indiana Case had been dismissed with prejudice, Defendant Santiago, as an agent, employee, and representative and in the course and scope of her agency and employment with Matthews & Associates and as legal counsel to Plaintiff, communicated to Plaintiff, by and through a written letter, as follows:

> Please contact me to discuss your potential Zyprexa claim [Plaintiff's claims in the Indiana Case]. I believe we may be able to settle the same. Specifically, I believe we can get this case [the Indiana Case] settled for about $50,000. We would waive our fees and expenses to net the full amount to you. Please consider this offer and reply as soon as possible.

(Exhibit A, which is attached hereto and incorporated herein by reference).

29.     On numerous occasions, including both before and after he received the aforementioned February 22, 2010 letter from Defendant Santiago and Defendant Matthews & Associates (Exhibit A), the Plaintiff advised the Defendants, including Defendant Santiago, that the settlement was insufficient and thus, unacceptable and that he wished to proceed to trial if the settlement proceeds were not greater.

30.     Both before and after Defendant Santiago sent the aforementioned February 22, 2010 to Plaintiff (Exhibit A), and at all times after Plaintiff's claims in the Indiana Case had been dismissed with prejudice, the Defendants, including Defendant Santiago, continued to verbally

9

encourage the Plaintiff to accept a settlement in resolution of all of his claims, which,

unbeknownst to Plaintiff, had been dismissed as part of the dismissal of the Indiana Case.

31.    On or about November 23, 2010, after the Indiana Case had been dismissed,

Defendant Santiago, as an employee, agent, and representative of Defendant Matthews &

Associates and as legal counsel to Plaintiff, made another effort, in writing, to convince the

Plaintiff to settle his claims in the Indiana Case.

32.    Specifically, on or about November 23, 2010, Defendant Matthews & Associates,

by and through Defendant Santiago, communicated to Plaintiff, by and through another written

letter, as follows:

> Please be advised that the final offer to settle your Zyprexa claim
> is $55,755.00. Per our discussion, we will waive our fees and
> expenses to maximize your recovery. If you wish to accept this
> offer, please sign and return the enclosed documents and contact
> my office immediately to notify us of your decision.
>
> As you know, from our many discussions, we believe that this is a
> fair settlement offer for your claims. Given the latest developments
> in the legal and scientific aspects of the broader Zyprexa litigation,
> together with your medical and family history of diabetes, we do not
> believe that we are likely to obtain a more generous recovery for you
> if we were to take your case to trial.
>
> Thus, unfortunately, if you do not accept the settlement offer extended
> to you, we will proceed to close your case and withdraw as your
> legal counsel. The motion to withdraw will be filed on January 7, 2011,
> in order to allow you ample time to retain another attorney.

(Exhibit B, which is attached hereto and incorporated herein by reference).

33.    During and subsequent to November 2010, Plaintiff continued to engage in

substantive discussions with the Defendants, including Defendant Santiago, about the disposition

of Plaintiff's claims in the Indiana Case. At no time did any of the Defendants inform or

otherwise advise Plaintiff that his claims in the Indiana Case had been dismissed with prejudice.

10

34.    Defendant Santiago also advised Plaintiff on several occasions that while the Indiana Case was pending, the statute of limitations on all of Plaintiff's claims in the Indiana Case were tolled and that the statute of limitations would not run on any of the Plaintiff's claims in the Indiana Case. She also advised Plaintiff that she would notify the Plaintiff if the statute of limitations started to run on him.

35.    Throughout the pendency of their attorney-client relationship, Abraham Watkins and subsequently with Defendant Matthews & Associates, Defendant Santiago, in the course and scope of her employment with these Defendants, and upon information and belief, other employees, agents, and representatives of these Defendants, affirmatively advised Plaintiff that the Indiana Case and all of Plaintiff's claims were active and pending and that the Plaintiff's case could be settled or, as appropriate, the Plaintiff's claims could be tried before a jury.

36.    Defendant Santiago's representations to Plaintiff, as described and set forth herein, amount to false representations and concealment of material facts and were reasonably calculated to convey the impression to Plaintiff that the facts were consistent with those false and fraudulent representations.

37.    Throughout the pendency of their attorney-client relationship, Plaintiff relied upon the representations and conduct of Defendant Santiago and the other Defendants, including those representations about the active and pending nature of Plaintiff's claims in the Indiana Case and the Plaintiff's ability to settle his claims, by and through the Defendants, as set forth and described herein and otherwise, or take try the case before a jury, as well as Defendants' concealment of the dismissal of the Indiana Case with prejudice on or about May 6, 2009.

38.    In part, due to Plaintiff's reliance upon Defendant Santiago's misrepresentations and conduct, as set forth and described herein, the Plaintiff was lulled into a false sense of

11

security, believing that his claims in the Indiana Case were active and pending in court, when, in reality, his claims in the Indiana Case had been dismissed with prejudice, even though Defendant Santiago had represented to Plaintiff that his claims were active and pending.

39.     Plaintiff was induced by the Defendants' (in)actions to believe that the Indiana Case was active and pending in court and that he had options to settle or to proceed with trial.

40.     The Defendants, including Santiago, continued to encourage Plaintiff to "settle" the Indiana Case. Except in the aforementioned November 23, 2010 letter, none of the Defendants, including Defendant Santiago, ever stated or represented to Plaintiff that any counsel would be withdrawing from Plaintiff's representation in the Indiana Case.

41.     Plaintiff is not aware that any of the Defendants withdrew as his legal counsel. Upon information and belief, none of the Defendants ever withdrew as his legal counsel in the Indiana Case or otherwise.

42.     Plaintiff never received any type of filing, motion, or other verbal or written notification of withdrawal by any of the Defendants as his counsel, from any of the Defendants or anyone else. Upon information and belief, no such filing, motion, or order allowing such a withdrawal by any of the Defendants exists.

43.     Until the period of several months preceding October 2013, the Defendants, including Defendant Santiago, continued their communications with the Plaintiff. The Defendants, including Defendant Santiago, continued to represent to the Plaintiff that the Indiana Case was active and pending and that the Plaintiff should settle his claims in the Indiana Case and if not, that his claims could be tried before a jury, if Plaintiff elected to pursue that option.

44.     During the weeks preceding September 2013, the Defendants completely stopped returning the Plaintiff's telephone calls. The Defendants completely stopped communicating

12

with the Plaintiff. Shortly after the Defendants stopped communicating with the Plaintiff, the

Plaintiff retained separate and independent counsel to ascertain the status of the Indiana Case.

45.     On ~~September~~ October 28, 2013, through the efforts of his separate and independent

counsel, Plaintiff learned that the Indiana Case (including all of the Plaintiff's claims) had been

dismissed with prejudice on May 6, 2009, well before the Defendants encouraged Plaintiff to

accept the settlement offer from Eli Lilly and Company, the defendant in the Indiana Case.

46.     Prior to ~~September 28~~ October 28, 2013, Plaintiff lacked any knowledge whatsoever that all

or any of his claims in the Indiana Case had been dismissed with prejudice or otherwise.

47.     The dismissal of the Indiana Case arose under such circumstances that it was not

readily apparent to Plaintiff at the time it was dismissed, which was May 6, 2009.

48.     At no time prior to ~~September 28~~ October 28, 2013 did Plaintiff suspect that the Indiana Case

had been dismissed, with prejudice or otherwise. Plaintiff consulted with separate and

independent counsel to ascertain the status of the Indiana Case because the Defendants had

stopped communicating with him.

49.     Upon learning that the Indiana Case had been dismissed with prejudice, Plaintiff

made numerous telephone calls to the Defendants, including Santiago and to Matthews &

Associates, for the purposes of confirming that the Indiana Case had been dismissed and if so, to

learn why the Indiana Case had been dismissed and why none of the Defendants had ever

advised him of the same, even though the Defendants had been his counsel in the Indiana Case,

and what options, if any, he had to seek legal remedy against Eli Lilly and Company and/or any

other persons or entities.

50.     None of the Defendants ever responded to Plaintiff. When Plaintiff was

successful in speaking with an agent or representative of Defendant Matthews & Associates on

13

*October 11* [handwritten correction]

or shortly after ~~September 29~~, 2013, the agent or representative would always refused to confirm the dismissal of the Indiana Case and promised, on several occasions, to have his telephone call returned. One such agent or representative refused to provide any information to Plaintiff and "hung up" the telephone on him.

51. Notwithstanding his efforts to communicate with the Defendants about the Indiana Case, Plaintiff has yet to engage in any substantive communication with any of the Defendants about the dismissal of the Indiana Case or why he was never advised of such a dismissal.

52. The running of any statute of limitation applicable to the instant matter, if any, on any and all of Plaintiff's claims, as set forth herein and otherwise, has been tolled by reason of the Defendants' fraudulent concealment. Defendants, as set forth and described herein, through affirmative misrepresentations, omissions, and active concealment, fraudulently and consistently misled and concealed from Plaintiff the dismissal of his claims and the Indiana Case, and consequently, Plaintiff's inability to pursue and recovery a remedy against Eli Lilly and Company.

53. As a result of the Defendants' actions, as described herein and otherwise, Plaintiff was unaware and remained unaware until ~~September 29, 2013~~ *October 11, 2013* [handwritten correction] that his claims and the Indiana Case had been dismissed with prejudice and that Plaintiff's counsel, the Defendants, had stipulated and agreed that Plaintiff's claims had been dismissed with prejudice, and could not have learned through reasonable diligence that his claims and the Indiana Case had been dismissed with prejudice.

**FIRST CLAIM FOR RELIEF**
**(Legal Negligence/Breach of Fiduciary Duty)**

14

54. Plaintiff reincorporates and realleges Paragraphs 1 through 53 of the Verified Complaint, as if set forth fully herein.

55. At all times relevant herein, Defendants Matthews, Rhoades, and Santiago, as employees, agents, and representatives of Defendant Matthews & Associates, as well as Defendants Riley and Kendall, as employees, agents, and representatives of Defendant Price Waicukouski, failed to use reasonable and ordinary care and diligence in the use of their skill and in the application of knowledge in the handling of Plaintiff's claims in the Indiana Case.

56. The Defendants were negligent in handling Plaintiff's claims in the Indiana Case as follows:

a) they brought about and either caused or allowed the dismissal of the Indiana Case with prejudice, and did so without knowledge, consent, or authorization from the Plaintiff;

b) they failed to preserve and protect Plaintiff's claims and rights in the Indiana Case;

c) they failed to inform Plaintiff of the status and disposition of the Indiana Case and more generally, failed to keep the Plaintiff adequately and accurately informed of the status and progress of the Indiana Case;

d) they advised and consulted with Plaintiff as if the Indiana Case remained pending and viable in the Marion County Circuit Court;

e) they failed to represent the Plaintiff in a zealous manner;

f) they failed to adequately communicate with the Plaintiff about the status of the Indiana Case, as well as case strategy; and

g) in other ways, which shall be shown in at the trial of this matter.

15

57. The Defendants' negligence was a direct and proximate cause of the damages sustained by Plaintiff, which are damages for which Plaintiff seeks relief in this action.

58. Plaintiff is entitled to recovery of and for all damages he sustained as a result of Defendants' negligence, as set forth and described herein, from Defendants Matthews, Rhoades, Santiago, Matthews & Associates, Riley, Kendall, and Price Waicukouski, jointly and severally.

## SECOND CLAIM FOR RELIEF
### (Gross Legal Negligence/Breach of Fiduciary Duty)

59. Plaintiff reincorporates and realleges Paragraph 1 through 58 of the Verified Complaint, as if set forth fully herein.

60. At all times relevant herein, Defendants Matthews, Rhoades, and Santiago, as employees, agents, and representatives of Defendant Matthews & Associates, as well as Defendants Riley and Kendall, as employees, agents, and representatives of Defendant Price Waicukouski, failed to use reasonable and ordinary care and diligence, as well as willful and wanton conduct in the use of their skill and in the application of knowledge in the handling of Plaintiff's claims in the Indiana Case.

61. The Defendants were grossly negligent in handling Plaintiff's claims in the Indiana Case as follows:

a) they brought about and either caused or allowed and/or agreed to the dismissal of the Indiana Case with prejudice, and did so without knowledge, consent, or authorization from the Plaintiff;

b) they failed to preserve and protect Plaintiff's claims and rights in the Indiana Case;

16

c) they failed to inform Plaintiff of the status and disposition of the Indiana Case and more generally, failed to keep the Plaintiff adequately and accurately informed of the status and progress of the Indiana Case;

d) they advised and consulted with Plaintiff as if the Indiana Case remained pending and viable in the Marion County Circuit Court;

e) they failed to represent the Plaintiff in a zealous manner;

f) they failed to adequately communicate with the Plaintiff about the status of the Indiana Case, as well as case strategy; and

g) in other ways, which shall be shown in at the trial of this matter.

62. The Defendants' conduct, as described and set forth herein, constitutes an intentional failure to carry out duties upon the Defendants by law and by the Agreement, which was necessary to protect the interests of the Plaintiff.

63. The Defendants' conduct, as described and set forth herein, was in conscious and intentional disregard of and in indifference to the rights of the Plaintiff.

64. The Defendants' gross negligence, as described and set forth herein, was a direct and proximate cause of the damages sustained by Plaintiff, which are damages for which Plaintiff seeks relief in this action.

65. Plaintiff is entitled to recovery of and for all damages he sustained as a result of the Defendants' gross negligence, from the Defendants, as identified herein, jointly and severally.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

66. Plaintiff reincorporates and realleges Paragraphs 1 through 65 of the Verified Complaint, as if set forth fully herein.

17

67.     As set forth and described herein, Plaintiff and Defendant Matthews & Associates entered into the Agreement, under which the Plaintiff retained Defendant Matthews & Associates, as counsel in the Indiana Case.

68.     Under the Agreement, Defendant Matthews & Associates agreed to provide reasonable and competent legal services to Plaintiff, including representation in the Indiana Case.

69.     Defendant Matthews & Associates, by and through its employees, agents, and representatives, including Defendants Matthews, Rhoades, and Santiago, as well by and through Defendant Price Waicukouski, by and through its employees, agents, and representatives, including Defendants Riley and Kendall, failed to provide reasonable and competent legal services to Plaintiff and breached the Agreement with the Plaintiff.

70.     Defendants' breaches of the Agreement include, but are not limited to dismissing the Indiana Case with prejudice without securing authorization from Plaintiff to do so, failing to advise Plaintiff that the Indiana Case was dismissed with prejudice, concealing the dismissal of the Indiana Case from the Plaintiff, and in other ways which shall be shown at the trial of this matter.

71.     Plaintiff was damaged as a result of the Defendants' breaches of the Agreement and is now entitled to recovery from Defendants Matthews & Associates, Matthews, Rhoades, Santiago, Price Waicukouski, Riley, and Kendall, jointly and severally, for all such damages.

## FOURTH CLAIM FOR RELIEF
### (Fraud by Concealment)

72.     Plaintiff reincorporates and realleges Paragraphs 1 through 71 of the Verified Complaint, as if set forth fully herein.

73.     Defendants Matthews, Rhoades, and Santiago, as an employees, agents, and representatives of Defendant Matthews & Associates, and as legal counsel for Plaintiff, engaged

18

in various verbal and written communications with Plaintiff relating to Plaintiff's claims in the Indiana Case, including communications about the procedural and substantive posture of the Indiana Case, settlement negotiations, underlying strategy, and the value of Plaintiff's claims in the Indiana Case.

74.    In these various communications, the Defendants, as agents, employees, and representatives of Defendant Matthews & Associates, and as legal counsel for Plaintiff, failed to disclose to the Plaintiff that the Indiana Case was going to be dismissed on or about May 6, 2009 and failed to communicate that the Indiana Case was dismissed with prejudice or otherwise before, on, or after May 6, 2009. These communications include, but are not limited to the written communications attached hereto and incorporated herein as Exhibit A and Exhibit B.

75.    Defendants Matthews, Rhoades, and Santiago, as agents, employees, and representatives of Defendant Matthews & Associates and as Plaintiff's legal counsel, should have disclosed and owed a duty to disclose to Plaintiff *inter alia*, the oncoming dismissal of the Indiana Case, the dismissal of the Indiana Case, and the effect of the dismissal of the Indiana Case to Plaintiff.

76.    Defendants Matthews', Rhoades', and Santiago's concealment of the dismissal of the Indiana Case with prejudice from Plaintiff was reasonably calculated to deceive the Plaintiff. Defendant Matthews, Rhoades, and Santiago knew there was a duty to disclose the oncoming dismissal, the dismissal, and the effect of the dismissal of the Indiana Case to Plaintiff or was recklessly indifferent to her duty to disclose the oncoming dismissal, the dismissal, or the effect of the dismissal of the Indiana Case to Plaintiff.

77. Defendants Matthews', Rhoades', and Santiago's concealment of the dismissal of the Indiana Case with prejudice was done with the intent to deceive the Plaintiff and with the intent that Plaintiff act upon it.

78. Plaintiff was, in fact, deceived by Defendants Matthews', Rhoades', and Santiago's concealment of the dismissal and acted upon it, by *inter alia*, proceeding as if the Indiana Case was active and viable on the court calendar.

79. Plaintiff's reliance upon these Defendants' concealment of the dismissal with prejudice of the Indiana Case was reasonable.

80. Plaintiff suffered significant damages which were proximately caused by the Defendants' fraudulent concealments, as set forth and described herein.

81. At all times relevant herein, Defendants Matthews, Rhoades, and Santiago acted in the course and scope of their employment and agency with and representation of Defendant Matthews & Associates and consequently, all of their (in)actions, as set forth and described herein, are attributable to Defendant Matthews & Associates.

82. Plaintiff is entitled to recovery of and for all damages he sustained as a result of these Defendants' fraud by concealment, as set forth and described herein, from Defendants Matthews, Rhoades, and Santiago, as well as Defendant Matthews & Associates, jointly and severally, as well as punitive damages against these Defendants in an amount to be shown at the trial of this matter.

## FIFTH CLAIM FOR RELIEF
### (Constructive Fraud)

83. Plaintiff reincorporates and realleges Paragraphs 1 through 82 of the Verified Complaint, as if set forth fully herein.

20

84. At all times relevant herein, a relationship of trust and confidence, or a fiduciary relationship, existed between Plaintiff and Defendants Matthews, Rhoades, and Santiago, as employees, agents, and representatives of Defendant Matthews & Associates, as well as with Defendants Riley and Kendall, as employees, agents, and representatives of Defendant Price Waicukouski, as all of these Defendants were the attorneys and counsel for the Plaintiff, who was the Defendants' client in the Indiana Case.

85. These Defendants used their position as attorney and counsel of and for Plaintiff to bring about and either cause or allow the dismissal of the Indiana Case (and all of the Plaintiff's claims in the Indiana Case) with prejudice, to fraudulently conceal the dismissal with prejudice from the Plaintiff, to otherwise fail to inform the Plaintiff of the status and disposition of the Indiana Case, to advise and consult with Plaintiff as if the Indiana Case remained pending and viable in the Marion County Circuit Court and specifically that the Indiana Case was pending and viable, and in other ways, all of which was to the detriment of the Plaintiff and to the benefit of the Defendants.

86. The Plaintiff was harmed because his rights to pursue his claims, as set forth in the Indiana Case were compromised. The Defendants benefitted, in part, because the dismissal of the Indiana Case, including Plaintiff's claims, enabled the Defendants to settle claims with Eli Lilly and Company.

87. These Defendants each and in conjunction with one another, breached their fiduciary duty to Plaintiff in their conduct as it relates to the Plaintiff, as set forth and described herein.

88. Plaintiff was injured and sustained substantial damage as a result of the constructive fraud committed by the Defendants upon him, as set forth and described herein.

21

89. Plaintiff is entitled to recovery of and for all damages he sustained as a result of the constructive fraud of Defendants Matthews, Rhoades, and Santiago, as employees, agents, and representatives of Defendant Matthews & Associates, and Defendants Riley and Kendall, as employees, agents, and representatives of Defendant Price Waicukouski, as set forth and described herein, as well as punitive damages against these Defendants in an amount to be shown at the trial of this matter.

## SIXTH CLAIM FOR RELIEF
### (Fraud)

90. Plaintiff reincorporates and realleges Paragraphs 1 through 89 of the Verified Complaint, as if set forth fully herein.

91. Defendant Santiago, as an employee, agent, and representative of Defendant Matthews & Associates, made various misrepresentations of material past and existing facts to Plaintiff.

92. Specifically, on numerous occasions subsequent to the dismissal of the Indiana Case with prejudice on May 6, 2009, Defendant Santiago, while acting as Plaintiff's counsel and as an agent, representative, and employee of Defendant Matthews & Associates, affirmatively represented to Plaintiff that his claims were pending and active in court.

93. These false representations were reasonably calculated to deceive the Plaintiff. Defendant Santiago knew the representations to be false.

94. Defendant Santiago made these false representations to Plaintiff with the intent to deceive Plaintiff and with the intent that Plaintiff rely upon them.

95. Plaintiff was, in fact, deceived by Defendant Santiago's false representations and he relied upon them throughout the entirety of his relationship with the Defendants.

96. Plaintiff's reliance upon these false representations was reasonable.

22

97.     Plaintiff suffered damages proximately caused by these false representations, as set forth and described herein and is entitled to recover from these Defendants, jointly and severally, as well as punitive damages against these Defendants in an amount to be shown at the trial of this matter.

WHEREFORE, Plaintiff Donnell Sawyer prays for relief as follows:

a)      that the Plaintiff have and recover of and from all Defendants, jointly and severally, compensatory damages in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus interest at the maximum rate allowed by law;

b)      that a reasonable attorney's fee be taxed against all Defendants, jointly and severally, and in favor of the Plaintiff;

c)      that reasonable costs be taxed against all Defendants, jointly and severally, including prejudgment interest from the filing of this action and post-judgment herein, as appropriate;

d)      that punitive damages be imposed upon all Defendants, jointly and severally, as appropriate;

e)      a trial by jury on all issues so triable herein; and

f)      for such other and further relief as this Court deems just, appropriate, and proper.

This the ⬛ day of ⬛ 2015
           30   Septemper



23

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-cv-514-FL

| | | |
|---|---|---|
| DONNELL SAWYER, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAVID P. MATTHEWS, LIZZY | ) | |
| SANTIAGO, JULIE RHOADES, | ) | COMPLAINT ADDENDUM |
| MATTHEWS & ASSOCIATES, | ) | |
| WILLIAM N. RILEY, JAMIE R. | ) | |
| KENDALL, and PRICE WAICUKOUSKI | ) | |
| & RILEY, LLC, an Indiana limited liability | ) | |
| company, | ) | |
| Defendants | ) | |

1.     The Complaint is hereby amended to restate paragraph 8 as follows:

    8.     At all times mentioned herein, Defendant Price, Waicukouski & Riley, LLC ("Price Waicukouski") was an Indiana limited liability company which was engaged in the business of providing legal services with its principal place of business in Marion County, Indiana.  Each member of Price Waicukouski was and is a citizen and resident of Indiana.

2.     "MATTHEWS & ASSOCIATES" shall be struck from the caption of the complaint as surplusage.